■ In the Matter of WINTHROP LABORATORIES DIVISION OF STERLING DRUG, INC., Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent.—Proceeding initiated in this court pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated September 12, 1977, which reversed a determination of the State Division of Human Rights, dated September 21, 1976, dismissing

petitioner's complaint on the ground that there was no probable cause to believe that the respondent engaged in an unlawful discriminatory practice. The respondent based its vacating of the determination of the Division of Human Rights on the fact that petitioner's general plant manager Flynn was rehired and reassigned while the complainant was asked to resign. Both had previously been relieved of their duties and placed on an extended leave of absence because of their alleged responsibility in the failure of the petitioner's Rensselaer plant to meet standards required by the Federal Food and Drug Administration. The majority of the appeal board concluded that this was done for no reason other than the complainant's national origin. On this basis the board found the division's determination that complainant was not discriminated against to be arbitrary and unreasonable. We must annul. As noted by the dissenting member of the appeal board, adequate reasons existed for the disparate treatment of the two individuals. Flynn was a qualified engineer, having degrees in mechanical engineering, business and engineering administration and management engineering. He had worked as a chief plant engineer at the Rensselaer plant prior to being appointed plant manager and petitioner needed persons of that engineering background. Flynn had been with the company for over 20 years. Flynn also was reassigned at a cut in pay as a plant engineer and not as a plant manager. Although Flynn was head of the plant in which the Food and Drug Administration alleged deficiencies occurred, he was a step further removed from direct responsibility which rested with complainant as the immediate manager of the involved department. Complainant, in contrast, had been with the company for 11 to 12 years and was a biologist, not an engineer. Thus, there was a rational basis for the determination reached by the division and the appeal board was obligated by statute to affirm (Executive Law, § 297-a, subd 7, par e; *Matter of Mize v State Div. of Human Rights,* 33 NY2d 53). The board may not substitute "its own judgment for that of the division" (*Long Is. R. R. Co. v New York State Div. of Human Rights,* 50 AD2d 900). Respondent claims that the investigatory procedure was wholly inadequate and that it was error for the division to determine the matter without a confrontation hearing. The complainant personally met with a representative of the division on two occasions and was given a full opportunity to respond to the response submitted by petitioner to the complaint. In fact, complainant filed a statement containing 31 exhibits in commenting on petitioner's response and in support of his complaint. Further, confrontation hearings are not required by law (9 NYCRR 465.6) and there was no evidence that they were held as a matter of routine by the division (cf. *State Div. of Human Rights v Mecca Kendall Corp.,* 53 AD2d 201). We find the investigation procedures utilized in the instant case adequate (*State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332). The division's determination was not arbitrary or unreasonable and should have been affirmed by the appeal board. Petition granted, order annulled, on the law, without costs, and complaint charging an unlawful discriminatory practice dismissed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.