OPINION OF THE COURT
Bentley Kassal, J.
*1072 FACTS
Plaintiff, a supervisor for American Telephone & Telegraph Company ("A T & T”), is suing for compensatory and punitive damages resulting from his dismissal. The complaint consists of one cause of action, based on three theories: breach of contract, prima facie tort, and abusive discharge. The allegations are that AT&T dismissed plaintiff because plaintiff held certain political beliefs and associations. Plaintiff contends that a dismissal for this reason violated his employment contract with AT&T, was malicious and without just cause.
Defendant AT&T moves respectively, pursuant to CPLR 3211 (subd [a], pars 5, 7) and CPLR 3212, for an order dismissing the complaint on the grounds that (1) it fails to state a cause of action, (2) the cause of action alleged may not be maintained by reason of the Statute of Frauds, or, alternatively, (3) defendant is entitled to summary judgment.*
I. MOTION PURSUANT TO CPLR 3211 (SUED [a], PAR 7) TO DISMISS THE COMPLAINT
(A) BREACH OF CONTRACT OF EMPLOYMENT
Plaintiff alleges that the term of his oral employment contract was to run until he retired or resigned or until defendant terminated his employment for certain reasons. Plaintiff relies on A T & T’s "Code of Conduct”, issued as a guide to its employees of its regulations, as establishing the basis of this contract, and, also, the only grounds upon which his employment could be terminated. No case is cited in support of this claim that the company manual constitutes a contract of employment for a definite term. The Supreme Court of Kansas, when confronted by a similar claim, held *1073 that the company manual did not constitute an employment contract for a definite term. (Johnson v National Beef Packing Co., 220 Kan 52.) Here the code of conduct relied upon, while possibly governing some conditions of plaintiff’s employment clearly does not contain all of the terms of such employment. Nowhere does it describe or define the duties and responsibilities of the particular position, the length of employment or the terms of compensation — all essential elements in an employment agreement. Thus, plaintiffs claim that it provides, even by implication, the exclusive grounds for termination is unsupported on this basis.
Since plaintiffs contract is not for a specific term, it is a contract terminable at will and may be terminated by either party at any time for any reason. (Chase v United Hospital, 60 AD2d 558; Walford v British Caledonian Airways, 52 AD2d 922; Cartwright v Golub Corp., 51 AD2d 407; Parker v Borock, 5 NY2d 156; Watson v Gugino, 204 NY 535.) There is no cause of action for breach of contract based upon a contract terminable at will. (Parker v Borock, supra; Walford v British Caledonian Airways, supra.)
(b) prima facie tort
A cause of action for prima facie tort arises upon the intentional infliction of harm without an excuse or justification that is legally recognizable as such. (Advance Music Corp. v American Tobacco Co., 296 NY 79; Aikens v Wisconsin, 195 US 194.) The pleadings must demonstrate an exclusive malicious motivation for the acts of defendant. (John C. Supermarket v New York Prop. Ins. Underwriting Assn., 60 AD2d 807; Reale v International Business Machs. Corp., 34 AD2d 936, affd 28 NY2d 912.)
A T & T’s motion herein is supported by affidavits and exhibits which establish that plaintiffs employment was terminated after he was arrested and charged with driving a van into three police officers during a political demonstration in which he was a participant. AT&T claims to have dismissed him after this conduct due to its concern for its business and reputation and for the safety of its customers and employees.
In support, AT&T cites the same "Code of Conduct”, relied upon by plaintiff, which advises employees that they may be subject to disciplinary action, including suspension or dismissal, if they commit criminal acts against the general public or their property.
*1074 Further, the objective facts clearly tend to support the reasons assigned by defendant for discharging plaintiff. On May 1, 1976, plaintiff was arrested and charged with assault in the second degree (Penal Law, § 120.05) and reckless endangerment in the first degree (Penal Law, § 120.25). On May 11, 1976, he was placed on a "non-disciplinary administrative leave” pending A T & T’s investigation and the disposition of the charges. On September 29, 1976, the plaintiff pleaded guilty to the violation, "harassment”, (Penal Law, § 240.25) and received a conditional discharge.
Finally, on October 12, 1976, he was notified that his employment was terminated. In the interim, defendant’s investigators had interviewed the police officers involved in the incident with the plaintiff.
While not res judicata for the purposes of this motion, the court notes the following statement of the district director of the Equal Employment Opportunity Commission in the determination denying "reasonable cause” on plaintiff’s complaint, pursuant to section 701 of title VII of the Civil Rights Act of 1964. (US Code, tit 42, § 2000e.) "It is undisputed that Respondent [defendant herein] suspended Charging Party [plaintiff herein] as a result of criminal charges filed against him by the New York City Police Department on May 1, 1976. It is also undisputed that Charging Party was dismissed as a result of an investigation of those charges, conducted by Respondent.”
The allegations of malice in the complaint are conclusory and are not sufficient to establish a cause of action. (Reale v International Business Machs. Corp., supra.) Plaintiff, in opposition to the motion, has submitted his affidavit, an affidavit of his attorney (Mogulescu) in the prior criminal proceeding and the transcript of a taped conversation between Mogulescu and plaintiff’s former superior at A T & T as evidence of malice. Even if this material were to constitute a sufficient evidentiary showing of malice, plaintiff’s cause of action in prima facie tort must fail. Assuming, arguendo, that part of defendant’s motivation was malicious, plaintiff has failed to establish that the defendant did not act for legitimate purposes or for business considerations. Thus, he has failed to demonstrate the required elements for prima facie tort. (TIA, Inc. v Ruder & Finn, 42 NY2d 454; Reale v International Business Machs. Corp., supra.)
*1075 II. MOTION PURSUANT TO CPLR 3212 FOR SUMMARY JUDGMENT
(A) ABUSIVE DISCHARGE
The last theory upon which plaintiff seeks relief is the doctrine of abusive discharge. Although it does not appear that this doctrine has been recognized in this State, it is appropriate, on a motion of this nature, to examine the elements of the cause of action to determine whether the complaint alleges sufficient facts upon which relief might be granted at trial. Since plaintiff is proceeding on a cause of action not presently recognized in this State, he bears a heavy burden of demonstrating that this new cause of action should be adopted.
The doctrine of abusive discharge, where it has been advocated in law review articles or adopted, limits the right of an employer to discharge an employee at will. This doctrine is implied by operation of law as an additional condition of the contract similar to the restrictions imposed by the equal employment opportunity provisions of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e). (See, generally, Note, A Common Law Action for the Abusively Discharged Employee, 26 Hastings LJ 1435; Sventko v Kroger Co., 69 Mich App 644.) Under this theory the interest of the employer in the exercise of his unfettered right to terminate an employee under a contract at will is balanced against the interest of the community in upholding its laws and public policy. (Nees v Hocks, 272 Ore 210; Frampton v Central Ind. Gas Co., 260 Ind 249.)
At the threshold, the doctrine of abusive discharge places upon the plaintiff the burden of persuading this court that (1) there is a public policy of this State that (2) was violated by the defendant. Plaintiff herein has not sufficiently demonstrated that public policy, derived from or bottomed on New York constitutional, statutory or decisional law, exists that would restrict the right of a private employer to discharge an employee at will due to the employee’s political beliefs, activities and associations.
This is not to say that such public policy does not exist; it merely is to say that plaintiff herein has not sustained his burden of persuasion. While this court is not averse to recognizing new causes of action or defenses, where clearly warranted, (Parkwood Realty Co. v Marcano, 77 Misc 2d 690) such recognition should only be given upon a substantial showing which has not been made here.
*1076 Accordingly, the motion by defendant A T & T (1) pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint for failing to state a cause of action in (a) breach of contract or in (b) prima facie tort and (2) pursuant to CPLR 3212 for summary judgment on plaintiffs cause of action under the theory of abusive discharge is granted and the complaint is dismissed.
Settle order.

 Tape Recording: A subissue, applicable to plaintiffs cause of action for prima facie tort and for abusive discharge, is whether the transcript of the tape-recorded conversation between Mogulescu and plaintiffs supervisor, Garand, is admissible even though it was taped without the knowledge or consent of Garand and without the required audible tone warning device. Mogulescu’s action in taping this conversation without Garand’s knowledge or consent is claimed to violate the Code of Professional Responsibility and to be the basis for disciplinary proceedings against him. (Matter of Wittner, 264 App Div 576, affd 291 NY 574.) There is, however, no violation of sections 250.00 and 250.05 of the Penal Law since Mogulescu was a party to the conversation as well as the party who recorded it. (People v Goldfeld, 60 AD2d 1.) Moreover, evidence illegally obtained by a private party is admissible and competent in a civil action. (Sackler v Sackler, 16 AD2d 423, affd 15 NY2d 40; but see Rocco v Travelers Ins. Co., 38 Misc 2d 311 [dicta].)