■ George Fiederlein et al., Appellants, v Hochberg Bros. et al., Respondents, et al., Defendants. (And Third- and Fourth-Party Actions.)—In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County, dated August 14, 1978, which denied their motion for a protective order with respect to respondents' demand for discovery of an expert's report and photographs. Order affirmed, with $50 costs and disbursements. Plaintiffs' time to comply with the order under review is extended until 10 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. Under the unusual circumstances of this case the order was warranted (see 22 NYCRR 675.7). Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.

■ Virginia Fletcher, Respondent, v Sherwood W. Greiner, Appellant.—In an action to recover damages for breach of contract and fraud, the defendant appeals from an order of the Supreme Court, Nassau County, dated May 24, 1979 which denied his motion to dismiss the complaint. Order reversed, on the law, without costs or disbursements, motion granted and complaint dismissed. Defendant's failure to assert the proper subsection of the statute in his dismissal motion should have been disregarded (see CPLR 2001), in view of the lack of prejudice to plaintiff who was well acquainted with the basis of his motion through defendant's memorandum of law and responded to it on the merits (see *Nye v Dawes,* 20 AD2d 680). Plaintiff's first cause of action for breach of an oral employment contract alleged to extend until she reached age 65 must fall as being within the Statute of Frauds (see General Obligations Law, § 5-701). Her allegations of partial performance are insufficient to remove the agreement from the operation of the statute (see *Health Delivery Systems v Scheinman,* 42 AD2d 566). Plaintiff's second cause of action must also be dismissed since promissory statements of actions to be performed in the future do not provide a basis for an action in fraud (see *Adams v Gillig,* 199 NY 314). Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.