■ STATE DIVISION OF HUMAN RIGHTS on Complaint of CATHERINE McDERMOTT, Petitioner, v XEROX CORPORATION, Respondent.—Petition granted and determination unanimously annulled, with costs, complaint reinstated and matter remitted to the State division for further proceedings in accordance with the following memorandum: Petitioner seeks review pursuant to section 298 of the Executive Law of the affirmance by the appeal board of the dismissal by the State Division of Human Rights of her complaint charging Xerox Corporation of Rochester with unlawful discriminatory practices relating to her application for employment. The issue before us is whether the alleged discrimination against complainant based on her disability occurred before or after September 1, 1974, the effective date of the amendment to the Executive Law prohibiting discrimination on the basis of disability (L 1974, ch 988, § 2). Pursuant to the amendment it became an unlawful discriminatory practice for an employer because of the disability of any individual "to refuse to hire or employ" such individual (Executive Law, § 296, subd 1, par [a]). On August 8, 1974 petitioner received an offer of employment as senior business systems consultant by respondent contingent, *inter alia,* upon the results of a pre-employment physical examination. On August 26, 1974, petitioner, who lived in Maryland, underwent a physical examination in Washington, D.C. arranged by respondent with Executive Health Examiners. The examining physician, Dr. Mishtowt, found no health problem except petitioner's obesity, which he noted on the examination form. Respondent alleges and petitioner denies that at the time of the examination Dr. Mishtowt informed petitioner that she exceeded the weight standards with which respondent had supplied him. The examination form indicates that on August 29, 1974 Executive Health Examiners informed Xerox' New York office of the results of the examination. Based on these results, respondent wrote to petitioner a letter dated September 3, 1974 withdrawing its offer of employment. On August 14, 1975 petitioner filed a complaint with the New York State Division of Human Rights. The division found that petitioner had been rejected for employment on August 26, 1974, prior to the effective date of the amendment, and dismissed the complaint for lack of jurisdiction. The appeal board affirmed. The statute (Executive Law, § 296, subd 1, par [a]) makes it an unlawful discriminatory practice to *refuse to hire* an individual on the basis of his disability. The record does not support the determination that this refusal occurred on August 26, 1974. Even if Dr. Mishtowt had informed petitioner that she exceeded respondent's weight standards, there is nothing in the record to indicate that Dr. Mishtowt was empowered by respondent to make a determination with respect to the acceptability of an applicant which would

be binding on respondent. Indeed, it does not appear that his duties extended beyond examining a patient and reporting the results to Executive Health Examiners, who forwarded the report to Xerox. Petitioner was not rejected for employment until respondent, based on the results of the examination, withdrew its offer of employment. The earliest dated documentary evidence that respondent refused to hire the petitioner is the letter dated September 3, 1974 advising petitioner that the offer of employment was withdrawn. It is this refusal to hire petitioner which is prohibited by section 296 of the Executive Law, and, therefore, the discriminatory act occurred after September 1, 1974. The division's dismissal of the complaint for lack of jurisdiction is therefore reversed. Inasmuch as the division determined that it did not have jurisdiction, it did not reach the merits of the complaint. We remit the case to the division for determinations whether petitioner was disabled and, if so, whether such disability was unrelated to her ability to engage in the activities involved in the job (Executive Law, § 292, subd 21). (Proceeding pursuant to Executive Law, § 298.) Present— Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.