In the Matter of WILLIAM STEWART, Respondent, v CIVIL SERVICE COMMISSION OF THE CITY OF NEW YORK et al., Appellants.

First Department, February 2, 1982

### APPEARANCES OF COUNSEL

*Dody Schorr* of counsel (*Ronald E. Sternberg* with her on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellants.

*Mary Boresz Pike* of counsel (*Somerstein & Pike,* attorneys), for respondent.

### OPINION OF THE COURT

FEIN, J.

Petitioner applied for a civil service position as a traffic enforcement agent. After he passed the written examination, it was learned that he had made a misstatement of fact on his application. To the question whether he had ever been convicted of any crime, petitioner had answered "no". Subsequent investigation revealed three convictions in the previous 12 years. In 1966 petitioner, then 20 years old, was convicted of assault in the second degree and possession of a dangerous weapon, and sentenced to con-

current five-year terms at Elmira Reformatory. Three years later he was sentenced to 45 days for criminal possession of stolen property in the third degree and petit larceny. Finally, in 1975 he pled guilty to attempted robbery in the third degree and thereupon served 21 months of a 1½ to 3-year prison sentence.

Petitioner was given an opportunity to come before the New York City Department of Personnel (the agency) with an explanation for the false statement on his application. Petitioner appeared and candidly stated that the reason for the misstatement of fact was because he felt revelation of his prior criminal record might jeopardize his chances for getting the job. The agency thereupon informed petitioner that he was not qualified for the position by reason of his "falsification of Personal History Questionnaire." The New York City Civil Service Commission then felt "compelled" to deny petitioner's appeal on the sole ground that "intentionally making false statements of material facts on any application for employment with the City of New York" cannot be condoned. Special Term, taking issue with the commission's asserted compulsion to deny the appeal, ordered the matter remanded to the commission for reconsideration.

The commission's choice of the term "compelled" was unfortunate. There is no statutory compulsion. Disqualification of applicants under subdivision 4 of section 50 of the Civil Service Law is clearly discretionary. The commission's use of the term was merely an expression of what it felt its duty to be. We are in agreement with the commission's decision.

Section 50 (subd 4, par [d]) of the Civil Service Law provides that the commission "may refuse" certification to an otherwise eligible applicant who has passed the examination where the applicant "has been guilty of a crime". That statutory authority must be read in conjunction with the later enactments of subdivision 15 of section 296 of the Executive Law and section 752 of the Correction Law (L 1976, ch 931, §§ 5, 6), which make it an "unlawful discriminatory practice" to deny employment by reason of a prior conviction or for lack of "good moral character" which is based upon a prior conviction. The prohibition is not abso-

lute. An exception in the statute permits the consideration of prior criminal offenses where "there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought" (Correction Law, § 752, subd [1]). Here it is at least arguable that the offenses of which petitioner was convicted bear a direct relationship to the duties of the job he sought so as to support his disqualification from acting in the capacity of an enforcer of traffic laws and regulations. (See, in general, *Matter of Schmidt & Sons v New York State Liq. Auth.*, 52 NY2d 751; *Matter of Pietranico v Ambach,* 82 AD2d 625.)

The duties and responsibilities of a traffic enforcement agent, as set forth in the official job description, include the following:

"Patrols an assigned area in order to enforce laws, rules and regulations relating to parking meters, movement, parking, stopping and standing of vehicles, prepares and issues summonses for violations; prepares and issues summonses to pedestrians when required; testifies at hearing offices and court; reports inoperative or missing meters and traffic conditions requiring attention; prepares required reports; operates portable and vehicle radios; operates a motor vehicle.

"In addition to the above, directs and controls traffic at assigned locations to maintain efficient and safe flow of vehicles and pedestrians."

There is plainly no basis upon which the court can substitute its judgment for that of the agency (*Matter of Pell v Board of Educ.,* 34 NY2d 222).

Moreover, it is clear that section 50 (subd 4, par [d]) of the Civil Service Law was *not* the basis for petitioner's disqualification. The Department of Personnel and the City Civil Service Commission were quite careful to explain that the sole reason for their action was the falsification of a material fact on petitioner's application. Section 50 (subd 4, par [f]) permits disqualification of an otherwise eligible individual passing examination "who has intentionally made a false statement of any material fact in his application". That the act of making a false statement was intentional cannot be disputed. That much is conceded by

petitioner. Nor can it be disputed that the false statement was material to the application in the light of the job duties and the nature and extent of the convictions.

There is nothing in the record to indicate that petitioner was penalized because of his prior criminal record. What is obvious from the record is that petitioner was disqualified simply because he had lied on his application. Misstatement of a material fact about one's personal history warrants disqualification. (See, e.g., *Matter of Shraeder v Kern,* 287 NY 13 [misstatement of period of employment, on application for position as stenographer/typist]; *Matter of Mingo v Pirnie,* 78 AD2d 984 [misstatement of prior experience and reasons for termination of prior employment, on application for patrolman]; *Prasad v Merges,* 65 AD2d 663, mot for lv to app den and app dsmd 46 NY2d 712, 939, cert den 444 US 861 [misstatement of reason for termination of prior employment, on application for developmental center psychologist].) The deliberate concealment of three prior convictions on an application for traffic enforcement agent is no less material a falsification than in the cases above cited. Indeed, the Court of Appeals, in the *Shraeder* case, reasoned that under such circumstances the Civil Service Commission would be "under a duty" to act as it did. Whether or not such a "duty" exists today under subdivision 4 of section 50 of the Civil Service Law, it is in this context that the commission's expressed "compulsion" to act should be read.

The purpose of the 1976 legislation was not to give ex-convicts preferred treatment, nor to cloak their prior criminal records in secrecy. Rather, it was to create reasonable standards to be applied by potential employers, including public agencies, when considering applications by former offenders, no such standards having previously existed. In his accompanying memorandum, the Governor noted that a key to reducing crime is a reduction in recidivism, which this law would encourage, but the legislation "in no way *requires* the hiring of former offenders" (NY Legis Ann, 1976, p 417; emphasis added). Petitioner's reading of the 1976 legislation would so alter the meaning of section 50 (subd 4, par [f]) of the Civil Service Law as to prohibit disqualification for lying about a prior criminal record,

while the sanction could still be applied against an applicant who would make a material misstatement of fact about any other aspect of his personal history. This was obviously not the legislative purpose. The only way to discourage material falsification of applications is to apply this sanction across the board. There is no statutory protection for what petitioner did in this instance.

Special Term suggested that it might have been incumbent upon the agency to advise applicants of the existence of the 1976 legislation so that they might not be intimidated by questions regarding their prior criminal record. It is noteworthy that the warning that a material false statement would lead to automatic disqualification appeared twice on the personal history questionnaire, first in the brief instructions at the head of the first page, and later in the declaration immediately preceding the applicant's signature block ("I fully realize that a material false statement willfully or fraudulently made by me will automatically cause my disqualification and may cause prosecution"). The agency might consider whether this warning should be supplemented by a reference to the 1976 changes to the Executive Law and Correction Law concerning the effect of prior convictions.

The judgment, Supreme Court, New York County (FREEDMAN, J.), entered December 10, 1980, remanding this proceeding to the New York City Civil Service Commission for reconsideration, should be reversed on the law and the facts, without costs, and the petition should be dismissed.

MURPHY, P. J., SANDLER, MARKEWICH and SILVERMAN, JJ., concur.

Judgment, Supreme Court, New York County, entered on December 10, 1980, unanimously reversed, on the law and the facts, without costs and without disbursements, and the petition is dismissed.