**Dorlesca SALANGER, Plaintiff,**

v.

**U.S. AIR, Defendant.**

No. 81–CV–542.

United States District Court,
N.D. New York.

Jan. 7, 1983.

R.J. & P.R. Shanahan, Syracuse, N.Y., for plaintiff.

Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N.Y., for defendant.

MEMORANDUM–DECISION and ORDER

MINER, District Judge.

I

This action arises out of the allegedly wrongful discharge of plaintiff from her position of employment with defendant. Jurisdiction in this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332, and the amount in controversy is alleged to exceed the sum of $10,000, exclusive of interest and costs. Before the Court is defendant's motion for summary judgment

·pursuant to Fed.R.Civ.P. 56(b)[1] dismissing the complaint.

## II

In early 1967, plaintiff enlisted the aid of an employment agency to secure a position with Mohawk Airlines, defendant's predecessor in interest. Upon completion of an unsalaried training period, plaintiff was placed on Mohawk's payroll on April 29, 1967 and began her probationary period of employment. During this initial period, plaintiff worked in Syracuse, New York as an "Airline Reservationist." In 1972, Mohawk Airlines merged with Allegheny Airlines, and plaintiff continued in her position as an Airline Reservationist. Plaintiff then applied for, and in 1978 was granted, a transfer to Allegheny's facility at Hancock Airport. After the transfer, she assumed the position of "Customer Service Agent." Plaintiff continued in this position after defendant acquired Allegheny Airlines.

Sometime in 1980, defendant, through its Security Department and Customer Service Department, conducted an investigation of plaintiff's possible involvement in an alleged misappropriation of company funds. Plaintiff was suspended from her position during the pendency of this investigation. Eventually, based upon the findings of the investigation, a criminal complaint was filed charging plaintiff with the crime of grand larceny in the third degree,[2] and a warrant for plaintiff's arrest was issued by a Town of DeWitt justice. Pursuant to this warrant, plaintiff was arrested on September 10, 1980 and arraigned in the Town of DeWitt Justice Court. Thereafter, on September 24, 1980, plaintiff received a letter from defendant, dated September 19, 1980, notifying her that defendant's investigation had been completed and that her period of employment with defendant was terminated.

In accordance with the Personnel Policy Guide[3] issued by defendant, plaintiff exhausted the three grievance steps available to her. However, at the termination of the grievance proceedings, defendant adhered to its original determination to discharge plaintiff.

Finally, on March 10, 1981, a grand jury in Onondaga County dismissed the charge of grand larceny in the third degree against plaintiff pursuant to New York Criminal Procedure Law § 190.75.[4] Plaintiff then applied to defendant for reinstatement, but was again refused her former position, or any other position.

In her complaint, plaintiff alleges that, "[t]he actions of the defendant, in discharging this plaintiff and causing her arrest, were not in good faith and constituted the prima facie tort of wrongful discharge." (Complaint, ¶ 6). Moreover, plaintiff contends, "[t]hat, following the dismissal of said criminal charge against the plaintiff, she applied to the defendant for reinstatement of her employment with this defendant and her application therefor was summarily rejected, in violation of § 296, subdivision 16, of the Executive Law of the State of New York, which defines such action of

---

1. Defendant originally moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). On the return date of that motion, December 3, 1982, this Court converted the motion to one for summary judgment pursuant to Fed.R. Civ.P. 56(b) and afforded the parties an additional two weeks in which to submit supplemental materials.

2. New York Penal Law § 155.30.

3. Defendant's predecessors in interest had employed a similar manual to inform their employees of assorted rights which would be afforded them during their course of employment.

4. New York Criminal Procedure Law § 190.-75(1) provides:

> If upon a charge that a designated person committed a crime, either (a) the evidence before the grand jury is not legally sufficient to establish that such person committed such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge....

A dismissal pursuant to § 190.75 is a termination of a criminal proceeding in favor of an individual within the meaning of N.Y.Crim. Proc.Law § 160.50, and therefore satisfies the requirements of N.Y.Exec.Law § 296(16).

the defendant as an unlawful discriminatory practice and in violation of § 160.60 of the Criminal Procedure Law of the State of New York." (*Id.*, ¶ 9).

## III

Summary judgment is a drastic remedy which should be granted only when it is clear that the requirements of Fed.R.Civ.P. 56 have been satisfied. *United States v. Bosurgi*, 530 F.2d 1105, 1110 (2d Cir.1976). Moreover, "[s]ummary judgment is to be used not as a substitute for trial, but only when '. . . it is quite clear what the truth is [and] that no genuine issue remains for trial.' *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944)." *Pfizer, Inc. v. International Rectifier Corp.*, 538 F.2d 180, 184–185 (8th Cir.1976), *cert. denied*, 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 751 (1977). Indeed, the reviewing court must accept as true the factual statements in the opposing party's affidavits, draw all permissible inferences in that party's favor, *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir.1980), and resolve any doubts in favor of the latter, *American Mfrs. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272 (2d Cir.1967). In short, the movant has the dual burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Here, defendant has only partially met this heavy burden.

## IV

To date, the tort of "abusive discharge" or "wrongful discharge" has not become a part either of New York's common law or its statutory law. *Murphy v. American Home Products Corp.*, 88 A.D.2d 870, 451 N.Y.S.2d 770, 771 (1st Dep't 1982), *modifying* 112 Misc.2d 507, 447 N.Y.S.2d 218 (Sup. Ct.N.Y.Co.1982). However, some lower courts in New York have indicated their willingness to recognize the tort of abusive discharge if presented with appropriate circumstances. *See, e.g., Fletcher v. Greiner*, 106 Misc.2d 564, 435 N.Y.S.2d 1005 (Sup.Ct. Nassau Co.1980); *Chin v. American Telephone & Telegraph Co.*, 96 Misc.2d 1070, 410 N.Y.S.2d 737, (Sup.Ct.N.Y.Co.) *affirmed without opinion*, 70 A.D.2d 791, 416 N.Y. S.2d 160 (1st Dep't 1979), *motion for leave to appeal denied*, 48 N.Y.2d 603, 421 N.Y. S.2d 1028, 396 N.E.2d 207 (1979).

Significantly, both the *Fletcher* court and the *Chin* court recognized that the tort of abusive discharge has not yet been recognized in New York. *Fletcher v. Greiner, supra,* 435 N.Y.S.2d at 1010; *Chin v. American Telephone & Telegraph Co., supra,* 410 N.Y.S.2d at 740. However, in discussing the tort of abusive discharge as it has developed in other jurisdictions, the *Chin* court noted that, "[u]nder this theory the interest of the employer in the exercise of his unfettered right to terminate an employee under a contract at will is balanced against the interest of the community in upholding its laws and public policy." (citations omitted) *Id.* 410 N.Y.S.2d at 740. The court then indicated what it believed would be the two part test employed to determine whether a plaintiff established the tort of abusive discharge: "At the threshold, the doctrine of abusive discharge places upon the plaintiff the burden of persuading this court that (1) there is a public policy of this state that (2) was violated by the defendant." *Id.* 410 N.Y.S.2d at 741. Although each expressed its willingness to do so, neither the *Fletcher* court nor the *Chin* court found, on the facts presented, that plaintiff had established the tort of abusive discharge.

Relying principally on *Chin,* as well as on what is perceived to be a growing trend in other jurisdictions to recognize the tort of abusive discharge, several federal courts have expressed their opinion that the New York Court of Appeals, if confronted squarely with the issue, would now recognize the tort of abusive discharge. *See, e.g., Sherman v. St. Barnabas Hospital,* 535 F.Supp. 564, 571 (S.D.N.Y.1982); *Brink's Inc. v. City of New York,* 533 F.Supp. 1123, 1125 (S.D.N.Y.1982); *Placos v. Cosmair, Inc.,* 517 F.Supp. 1287, 1289 (S.D.N.Y.1981); *Savodnik v. Korvettes, Inc.,* 488 F.Supp. 822, 824–826 (E.D.N.Y.1980). This Court

believes, however, that a change in New York's law, such as the recognition of a tort which for the past 90 years has not been recognized by the New York Court of Appeals, should not be brought about by a federal district court deciding issues of state law solely by virtue of the diversity of citizenship of the parties before it. *Accord, Boniuk v. New York Medical College,* 535 F.Supp. 1353 (S.D.N.Y.1982). Here, the established law of New York is clear: "hirings for an unspecified or indefinite period are freely terminable at the will of either party." *Id.* at 1356, citing *James v. Board of Education,* 37 N.Y.2d 891, 378 N.Y.S.2d 371, 340 N.E.2d 735 (1975); *Parker v. Borock,* 5 N.Y.2d 156, 182 N.Y.S.2d 577, 156 N.E.2d 297 (1959); and *Martin v. New York Life Ins. Co.,* 148 N.Y. 117, 42 N.E. 416 (1895). *See also Pavolini v. Bard Air Corp.,* 88 A.D.2d 714, 451 N.Y.S.2d 288, 289 (3rd Dep't 1982):

> We find no case in this State wherein a cause of action for abusive discharge based on a violation of public policy has been sustained and we are unable to subscribe to such a cause of action in light of the well-established principle that an at will employee may be discharged at any time without cause.

Moreover, the New York Court of Appeals has recently declined another opportunity in which to indicate its willingness now to recognize the tort of abusive discharge. *Weiner v. McGraw-Hill, Inc.,* 57 N.Y.2d 458, 462, 457 N.Y.S.2d 193, 443 N.E.2d 441 (N.Y. Ct.App.1982).

■ Taking into account New York's long history of non-recognition of the tort of abusive discharge, coupled with the New York Court of Appeals' failure to address this question, this Court declines to prophesize that the law of New York is about to be changed by that State's highest tribunal. Accordingly, defendant is entitled to summary judgment dismissing plaintiff's claim for abusive discharge.

## V

New York Executive Law § 296(16)[5] protects an individual from the adverse effects of an arrest which has not resulted in a conviction. The statute's objective is unquestionably a laudable one, since

> 'the mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct. An arrest shows nothing more than that someone probably suspected the person apprehended of an offense. When formal charges are not filed ... whatever probative force the arrest may have had is normally dissipated ... *Schware v. Board of Bar Examiner,* 353 U.S. 232, 241 [77 S.Ct. 752, 757, 1 L.Ed.2d 796] (1957). Furthermore, 'arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a person. It happens to the innocent as well as the guilty.' *Michelson v. United States,* 335 U.S. 469, 482 [69 S.Ct. 213, 221, 93 L.Ed. 168], (1948), see also *Pennex v. United States,* 313 F.2d 524 (4th Cir.1963). (sic)

Letter of the New York Civil Liberties Union to Governor Carey supporting passage of Bill # S9924A, now Executive Law § 296(16).

In support of its instant motion for summary judgment, defendant contends that, the legislative history, and indeed logic, supports the conclusion that section 296(16) was enacted to deal with the situation of an arrest occurring other than within the employment context, where an ultimate disposition favorable to the em-

---

5. N.Y.Exec.Law § 296(16) provides:

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, however, that the provisions hereof shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons.

**206**

ployee results. Clearly in that instance, the mere fact of an arrest, being wholly unrelated to the employment relationship, should not adversely affect an employee. Where, however, as here the underlying facts of the arrest occur within the employment setting, the employee should not be shielded from discharge by virtue of Executive Law § 296(16) and Criminal Procedure Law § 160.60. Memorandum in Support of Defendant's Motion for Judgment on the Pleadings Dismissing Plaintiff's Complaint, pp. 5–6. However, nothing in the language of the statute supports defendant's position and defendant has cited no case law in support of its contention. Accordingly, in keeping with the remedial purpose of § 296(16), this Court declines to preclude its application to the situation at bar.

■ Section 296(16) does not prevent an employer from acting adversely with respect to an employee if such action is motivated by bona fide business reasons not otherwise proscribed by the statute. *Stewart v. Civil Service Commission of the City of New York,* 84 A.D.2d 491, 446 N.Y.S.2d 948 (1st Dep't 1982); *Winthrop Laboratories Division of Sterling Drug, Inc. v. New York State Human Rights Appeal Board,* 64 A.D.2d 725, 406 N.Y.S.2d 897 (3rd Dep't 1978). Here, this Court cannot say, as a matter of law, that defendant's failure to

rehire plaintiff, after the criminal charges against her were dismissed, was not motivated by plaintiff's arrest. It well may be that defendant's decision not to rehire plaintiff was occasioned by the results of its independent, internal investigation into plaintiff's alleged misconduct. However, defendant's decision just as easily could have been motivated by the arrest. The need to resolve this factual issue precludes a grant of summary judgment on plaintiff's Executive Law claim at this time. Fed.R. Civ.P. 56(c).[6]

VI

As indicated, defendant's motion for judgment on the pleadings, Fed.R.Civ.P. 12(c), was converted to one for summary judgment, Fed.R.Civ.P. 56(b), to enable this Court to consider matter outside the pleadings. Pursuant to the Court's instructions, both parties have availed themselves of the opportunity to submit additional material in support of their respective positions. In this regard, plaintiff has submitted an affidavit alleging, *inter alia,* that defendant, through its predecessor in interest, orally assured plaintiff that she could be discharged for "just cause" only. (Affidavit of Dorlesca Salanger, ¶ 4). Plaintiff is apparently attempting to establish defendant's breach of an oral contract between the parties. *See McGraw-Hill, supra.* Although plaintiff may indeed be able to es-

---

**6.** Along with her N.Y.Exec.Law § 296(16) claim, plaintiff contends that defendant's failure to rehire her violated the provisions of N.Y.Crim.Proc.Law § 160.60, which provides:

Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.

This section, however, was intended to "dovetail" with the provisions of N.Y.Crim. Proc.Law §§ 160.50 and 160.55. *See* Practice Commentary to § 160.60 by Joseph W. Bellacosa. These latter provisions provide the mechanics for the sealing of records, etc., upon the termination of criminal proceedings in an accused's favor. This Court believes that the legislative intent in enacting these provisions and the remainder of Article 160 of the Criminal Procedure Law was to provide only the mechanics for protecting an individual who has been arrested, but never convicted, not to establish a private cause of action on behalf of such an individual. *Cf. Cort v. Ash,* 422 U.S. 66 [95 S.Ct. 2080, 45 L.Ed.2d 26] (1975) (factors for implying a private federal cause of action); and N.Y.Exec.Law § 297(9) (providing expressly for a private cause of action based upon an alleged unlawful discriminatory practice). Accordingly, this Court does not interpret plaintiff's reference to N.Y.Crim.Proc.Law § 160.60 as an assertion of a claim independent of her claim asserted pursuant to N.Y.Exec.Law § 296(16).

tablish such a contract and its breach here, she has pleaded no grounds to support a breach of contract claim in the instant complaint, and this Court cannot imply one for her. *See* Fed.R.Civ.P. 8. Accordingly, this Court's disposition of defendant's summary judgment motion is in no way concerned with any breach of contract claim which plaintiff might be able to assert in a properly pleaded complaint.

## VII

For the foregoing reasons, defendant's motion for summary judgment, Fed.R. Civ.P. 56(b), is granted with respect to plaintiff's claim for abusive discharge. With respect to plaintiff's claim pursuant to New York Executive Law § 296(16), the motion is denied.

It is so Ordered.