OPINION OF THE COURT
David B. Saxe, J.
Plaintiff Peter Smith moves pursuant to CPLR 3212 for summary judgment directing his reinstatement to the position of Probationary Police Officer in the New York City Police Department and for an immediate trial on the issue of damages.
Plaintiff was dismissed from the Police Department follow *111 ing a determination that he had a history of alcohol abuse which rendered him medically unqualified to perform police functions. Plaintiff originally sought relief in a CPLR article 78 proceeding in which three causes of action were asserted. The first cause challenged the dismissal as arbitrary and capricious; the second alleged that the dismissal constituted unlawful discrimination based upon disability; and the third set forth a claim for pension benefits. By decision dated April 24, 1985, Justice Stecher dismissed the first cause, directed that the third cause of action go forward as an article 78 proceeding, and, under authority of CPLR 103 (c), converted the second cause to the instant plenary action for declaratory and monetary relief.
In support of this motion for summary judgment declaring his right to be restored to duty with full seniority and benefits, plaintiff contends that he was discharged solely because of a history of alcohol abuse (as opposed to a current problem) in violation of the New York State Human Rights Law set forth in Executive Law § 290 et seq. and the Federal Rehabilitation Act found at 29 USC §§ 791-794. It is plaintiff’s position that he has never had a problem with alcohol; that he performed his police duties without incident and in a satisfactory manner; and that his dismissal must therefore be construed as discriminatory and legally impermissible. To the contrary, defendants assert that plaintiff was dismissed because he lied on his medical history questionnaire, exhibited abnormal liver function and presented a poor prognosis for overcoming his drinking problem.
In connection with his application for appointment to the Police Department, plaintiff completed three medical history questionnaires. On each form, plaintiff was asked whether he had ever suffered from alcoholism or abnormal liver function and each time he responded in the negative. However, during the course of a routine background investigation, it was learned that in 1981 plaintiff had been treated for abnormal liver function caused by alcohol abuse. Plaintiff was then referred to the Alcohol Counseling Unit where he admitted that, prior to joining the Police Department, he had received treatment at Daytop Village, a residential facility for substance abusers. Plaintiff was assessed by Sergeant Arthur Beaman, a certified alcoholism counselor, who determined that plaintiff manifested the signs, symptoms and history commonly associated with alcoholism and concluded that plaintiff’s refusal to recognize the severity of his problem *112 would negatively impact on his career as a police officer. Sergeant Beaman’s findings were forwarded to the supervising chief surgeon, Dr. Clarence Robinson, who recommended that plaintiff be decertified for (a) withholding significant medical information from his employment application; (b) a long-standing history of alcohol abuse and a current improper attitude toward same; and (c) evidence of abnormal liver function based on tests administered subsequent to plaintiff’s appointment to the police force. Dr. Robinson’s recommendation was endorsed by the chain of command and ultimately forwarded to Commissioner Ward who, by letter dated October 18, 1984, requested that the city personnel director, Juan Ortiz, take the necessary steps to decertify plaintiff specifically for the three reasons set forth by Dr. Robinson. By letter dated February 19, 1985, plaintiff was advised that he had been dismissed for failure to meet medical qualifications.
It is established law that a misstatement or omission of a material fact on an application for appointment to a civil service position warrants disqualification or dismissal of the applicant or employee (Civil Service Law § 50 [4] [f]; Matter of Stewart v Civil Serv. Commn., 84 AD2d 491; see also, Matter of Raheb v Civil Serv. Commn., Sup Ct, NY County 1984, Saxe, J., index No. 16028/84; Vargas v Civil Serv. Commn., Sup Ct, NY County 1983, Ascione, J., index No. 19219/83). Here, the record amply supports defendant’s position that plaintiff was decertified, at least in part, because he omitted material facts from his application which bear directly upon his integrity and his ability to serve as a responsible and reliable member of the police force.
I find, further, that the undisputed facts in this case preclude plaintiff from claiming protection under the Human Rights Law or the Federal Rehabilitation Act. Both statutes prohibit employment discrimination on the basis of a disability which does not impede the employee’s performance of job-related activities in a reasonable manner (see, Executive Law § 292 [21]; 29 USC § 794). Notwithstanding a current ability to perform, exclusion from employment is legally permissible where there exists a rationally based expectation that a physical or psychological condition will result in future disability (Matter of State Div. of Human Rights [Granelle], 118 AD2d 3; cf., Matter of Carerro v New York City Hous. Auth., 116 AD2d 141).
In this case, defendants determined that plaintiff’s alcohol abuse will become exacerbated in the future because of his *113 refusal to acknowledge and accept treatment for his problem. In view of the poor prognosis, it was reasonable for defendants to conclude that the long-term effects of plaintiff’s alcoholism will result in a diminished capacity to properly perform police functions and exercise the judgment required of one who is armed at all times and charged with the safety and well-being of the general public and his fellow officers.
In accordance with the foregoing, I find that plaintiff’s employment was properly and legitimately terminated and that he is not entitled to reinstatement or a monetary award.
Settle order providing for the entry of judgment in defendants’ favor.