■ SUMITOMO SHOJI NEW YORK, INC., Appellant, v. ISBRANDTSEN COMPANY, INC., Respondent.— Order, entered March 12, 1964, denying, *inter alia,* plaintiff's motion for summary judgment in action for goods sold and delivered, and orders entered November 17, 1964 and December 10, 1964, in renewal of the prior motion, are respectively modified, on the law, to the extent of granting partial summary judgment to plaintiff seller for an amount to be determined upon an assessment pursuant to CPLR 3212 (subd. [e]), with $30 costs and disbursements to plaintiff-appellant, and the orders are otherwise affirmed. There are issues of fact with respect to the alleged breaches of warranty and on the issue of who bore the risk of damage or loss, whether resulting from latent defect or from damage incurred in transit. On the other hand, uncontradicted by defendant buyer is the fact that in connection with the salvage sale of the damaged goods there was a recovery of $69,018.07, which sum is larger than the damages allegedly sustained and thus far particularized at $32,171.23 as a result of the defect in the goods. The difference may not be computed without an assessment because defendant buyer also asserts a right to additional items of litigation expense and similar smaller amounts by way of further consequential damages which have not been sufficiently established as to amount. The situation here is quite unlike that in *Kleartone Transparent Prods. Co.* v. *Trent* (20 A D 2d 928) in which further partial summary judgment and an assessment were withheld in the exercise of discretion. Nor is it material whether plaintiff-appellant requested partial summary judgment at nisi prius (CPLR 3212, subd. [e]). Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.