■ In the Matter of Theodore Powell, Respondent, v. Board of Higher Education of the City of New York, Appellant.— Judgment, Supreme Court, New York County, entered on October 18, 1971, directing that petitioner be reinstated to his former position as President of Kingsborough Community College, reversed, on the law, without costs and without disbursements, and the petition dismissed. Respondent's by-laws and the State Education Law make it abundantly clear that petitioner, in his capacity as president of the college, did not have tenure and consequently the Board of Higher Education had the power to remove him without preferring charges and holding a hearing. Petitioner was appointed in a dual capacity, as president of the college and as university professor of political science. There being no term nor tenure provided for the position of president, he was employed "at will". (*Watson* v. *Gugino*, 204 N. Y. 535, 541; *Horowitz* v. *La France Inds.*, 274 App. Div. 46, 47.) Having been so employed, he was removable from his post as president at any time. The February, 1971 amendment to article VII of the board's by-laws was not intended to cover the office of president. Indeed, the article provides for procedures to be initiated through him and for functions to be performed by the president which would be inconsistent with his coverage by the article. No provision is made for machinery for charges against the president. Furthermore, although the issue has not been raised, in our view article VII of the by-laws appears inconsistent with the enabling statute. Section 6206-b of the Education Law expressly excludes the position of president from the class afforded tenure and notice of charges and a hearing. It is clear from this record that the board never intended to include the position of president within the class of "members of the instructional staff". Such inclusion

542

would run counter to the nature of the position of president and the president-board relationship as set forth in the Education Law, particularly section 6206-b with regard to all administrative positions. The learned dissenter would affirm stating that respondent has made it clear that he does not seek tenure but merely a hearing. That observation ignores the realities of the situation since, as the petition in this proceeding demonstrates, the hearing is sought to nullify petitioner's dismissal as president and to insure his continuance in that office. The only purpose of a hearing would be to require the board to establish good cause for the dismissal. If, as we hold, the president's employment is at will, it would be an exercise in futility to hold a hearing, the outcome of which would be immaterial. Concur — McGivern, J. P., Nunez, Steuer and Tilzer, JJ.; Kupferman, J., dissents in the following memorandum: I dissent and would affirm on the opinion of the Judge at Special Term. The respondent has made it clear that he does not seek tenure but merely a hearing. Under the language of the Education Law and the by-laws of the Board of Higher Education, "academic due process" gives him the right to be heard. [67 Misc 2d 721.]