LAWRENCE CARTWRIGHT, Respondent, v GOLUB CORPORATION et al., Appellants.

WILLIAM MAHAR, Respondent, v GOLUB CORPORATION et al., Appellants.

TOFICK REZEY, Respondent, v GOLUB CORPORATION et al., Appellants.

Third Department, April 8, 1976

408

*Kohn, Bookstein & Karp (Edward L. Bookstein* of counsel), for appellants.

*Robert P. Roche* for Lawrence Cartwright and another, respondents.

*Paul T. Devane* for Tofick Rezey, respondent.

KOREMAN, P. J. These actions were commenced by three former employees of the corporate defendant who were discharged during a union organizing campaign. Various causes of action are alleged by the plaintiffs against the employer and another employee. On this appeal we are concerned with the question of the legal sufficiency of the third and fourth causes of actions alleged in the Cartwright amended com-

plaint, the second and third causes of action alleged in the Mahar amended complaint and the third cause of action alleged in the second amended Rezey complaint. Defendants also raise the question of subject matter jurisdiction as to the fourth cause of action in the Cartwright complaint and the third cause of action in the Mahar complaint.

In the causes of action under attack, the plaintiffs seek to recover damages alleged to have been sustained by them as a result of their being wrongfully discharged from their employment, and in the cases of plaintiffs Cartwright and Mahar, damages are also sought for interference with their constitutional rights of free speech and assembly, as alleged. It is well settled that, in the absence of a contract of employment for a specific term, the employment is terminable at will and the employer has the right to discharge and the employee the right to leave at any time. *(Watson v Gugino,* 204 NY 535, 541; *Matter of Powell v Board of Higher Educ. of City of N.Y.,* 38 AD2d 541, affd 30 NY2d 889.) In such case, an action will not lie for damages for wrongful discharge *(Parker v Borock,* 5 NY2d 156). Plaintiffs do not allege that there was any contract of employment for a specific term between the parties, but plaintiff Rezey does allege an agreement to pay him a specific weekly salary. The mere fact, however, that compensation is measured at a specific period does not render such employment a hiring for a specific term *(Watson v Gugino, supra).* It is clear, therefore, that plaintiffs in the instant case are not entitled to recover damages based upon alleged wrongful discharge from their employment. We find no merit to the contention of plaintiffs Cartwright and Mahar that the wrongful discharge from their employment, as alleged, states a valid cause of action in prima facie tort.

The courts of this State have defined a prima facie tort as the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful *(Advance Music Corp. v American Tobacco Co.,* 296 NY 79, 83-84; *Ruza v Ruza,* 286 App Div 767, 769). "Where specific acts, recognized as tortious in the law, are asserted, the remedies lie only in the classic categories of tort. The mere fact that a series of tortious acts is part of a plan or scheme does not change the character of the liability or remedy, for traditional relief may, nevertheless, be available." *(Ruza v Ruza, supra,* p 769.) A careful analysis of the third cause of action set forth in the Cartwright complaint,

and the second cause of action in the Mahar complaint reveals that, basically, damages resulting from specific acts recognized as tortious, i.e., injuries caused by defamation, are alleged, for which the remedy is the traditional tort. It seems clear, therefore, that these plaintiffs are simply alleging additional damages resulting from the defamatory statements allegedly made by defendants. While damages may properly be recoverable in the causes of action for defamation, where, as here, the alleged tortious conduct involves the exercise of an employer's unfettered right to terminate the employment relationship, the pleading of a cause of action for prima facie tort will not survive a dismissal motion. *(James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown,* 37 NY2d 891.) Nor is there any substance to the notion that this case involves an infringement of their constitutional right of freedom of speech and assembly, as alleged by plaintiff Cartwright in his fourth cause of action and plaintiff Mahar in his third cause of action. This action arises out of the purely private conduct of the defendants toward the plaintiffs. A civil action may be maintained alleging deprivation of constitutional rights pursuant to the Federal Civil Rights Act (US Code, tit 42, § 1983). Plaintiffs, however, do not allege that the action of the defendant employer was taken under color of a statute, ordinance, regulation, custom, or usage of the State, as required by the act (US Code, tit 42, § 1983).

We conclude, therefore, that the motions to dismiss the third and fourth causes of action in the amended Cartwright complaint, the second and third causes of action in the amended Mahar complaint, and the third cause of action in the second amended Rezey complaint as insufficient in law, should have been granted by Special Term. Having arrived at this conclusion, any discussion of subject matter jurisdiction is unnecessary.

The order, insofar as appealed from, should be reversed, on the law and the facts, without costs.

GREENBLOTT, KANE, MAIN and LARKIN, JJ., concur.

Order, insofar as appealed from, reversed, on the law and the facts, without costs.