■ BEATRICE A. CHASE, Respondent, v UNITED HOSPITAL, Appellant.— Order of the Supreme Court, New York County, entered May 17, 1977, denying defendant's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted to defendant dismissing the complaint and summary judgment granted to plaintiff for unreimbursed expenditures, without costs and without disbursements. The letter of March 26, 1976, upon which plaintiff bases her claim for a two-year contract of

employment as director of nursing at defendant hospital did no more than to establish an annual rate of salary for plaintiff. It provided for no specific terms of employment, so that even if the letter were considered to be a contract of employment it would still be insufficient in law. Employment contracts which are not for a specific term are terminable at will *(Parker v Borock,* 5 NY2d 156; *Reale v International Business Machs. Corp.,* 34 AD2d 936, affd 28 NY2d 912; *Matter of Powell v Board of Higher Educ.,* 38 AD2d 541, affd 30 NY2d 889). Because the letter stated no term for plaintiff's employment, defendant had the right to discharge plaintiff at any time *(Watson v Gugino,* 204 NY 535, 541; *Cartwright v Golub Corp.,* 51 AD2d 407). The fact that compensation is measured by a specific period of time does not bind a party to a term of that or any other period *(Cartwright v Golub Corp., supra).* We do not agree with plaintiff's claim that the language of the letter is ambiguous and that parol evidence is admissible to establish that the parties intended to establish a two-year term (see, e.g., *Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372; *Spector v Sovereign Constr. Co.,* 45 AD2d 673). Even assuming plaintiff's allegations concerning "assurances" by defendant that her employment would be for two years were true, the Statute of Frauds rendered the oral promises void and unenforceable, as the two-year term, obviously, could not be performed within one year (General Obligations Law, § 5-701, subd 1). We observe that although plaintiff's second cause of action alleges "fraud" in the inducement of the employment contract by claiming that defendant "never intended to employ plaintiff for a period of two years", that cause of action essentially is a restatement of her first cause of action for breach of contract and is unable to withstand defendant's challenge to its insufficiency in law. *(Wegman v Dairylea Coop.,* 50 AD2d 108; *Miller v Volk & Huxley,* 44 AD2d 810.) Inasmuch as defendant, by affidavit at Special Term, has admitted liability for plaintiff's claim for unreimbursed expenses not to exceed $300, which claim is part of plaintiff's first cause of action, we grant plaintiff summary judgment for such expenses despite the fact that such relief was not sought *(Sumitomo Shoji N. Y. v Isbrandtsen Co.,* 23 AD2d 752; CPLR 3212, subd [e]). Settle order on notice. Concur—Murphy, P. J., Birns, Evans and Lane, JJ.