# THIRD DEPARTMENT, NOVEMBER, 1982

## (November 4, 1982)

■ JOHN WADDINGHAM et al., Respondents, v STATE OF NEW YORK et al., Appellants. (Claim No. 59185.) (And Three Other Related Claims.) — Appeals from interlocutory judgments in favor of claimants, entered April 23, 1981, upon a decision of the Court of Claims (Rossetti, J.). At about 6:30 A.M. on December 18, 1974, a truck traveling southbound on the Catskill section of the New York State Thruway collided with several large boulders which were lying in the roadway. Claimants, the three occupants of the truck, their spouses and the owner of the truck, filed claims against the State and the Thruway Authority for personal injuries and damages allegedly sustained in the accident. The State was charged with negligently constructing, and the Thruway Authority with negligently maintaining, the escarpment from which the boulders had fallen. Following a trial on the issue of liability only, the Court of Claims agreed with claimants, found defendants' negligence to be the sole proximate cause of the accident, and entered an interlocutory judgment in claimants' favor against both the State and the Thruway Authority. We affirm. If all that had been presented was the conflicting opinions of experts respecting the construction's compliance with the engineering standards of the time, a finding of negligence against the State would be unjustified (*Weiss v Fote,* 7 NY2d 579, 588). Here, however, there was also evidence that the State

had failed to adhere to its own specifications when it constructed the escarpment at a slope of 75 degrees instead of the recommended maximum of 71 degrees. This violation of its own engineering standard, coupled with the very convincing and virtually uncontroverted testimony of claimants' expert geologist, supports the imposition of liability against the State (*Warren v New York State Thruway Auth.*, 51 AD2d 679; see *Danbois v New York Cent. R. R. Co.*, 12 NY2d 234, 238). The finding that the Thruway Authority was negligent is also sound. Evidence submitted by claimants reveals that several plainly visible signs, many of which existed from the moment of the highway's construction, should have alerted Thruway Authority maintenance personnel to the instability of the escarpment and the inevitable and foreseeable danger of rock slides in that area. These included the already mentioned steepness of the slope, erosion, increasingly wide vertical fractures in the rock cliff, and the relative weakness of the escarpment's lower layers. Defendants presented no evidence of *any* inspection of the escarpment during the approximately 25 years of its existence. And this was so even though a consultant to the Thruway Authority had recommended that the rock cut areas be periodically inspected and scaled, and the maintenance foreman of the Catskill section admittedly observed vertical cracks in the escarpment. If a reasonable inspection would reveal a perilous condition near the roadway, the State has constructive notice of that condition and a duty to correct it (*Rinaldi v State of New York*, 49 AD2d 361, 363; see *Harris v Village of East Hills*, 41 NY2d 446). Contrary to defendants' assertions, the conclusion we reach in these claims does not make the Thruway Authority an insurer of the safety of the Thruway, for each case of this kind and its resolution is controlled by its own peculiar facts (*Rinaldi v State of New York*, 49 AD2d 361, 363, *supra*). All that has been resolved, on this record, is that the finding by the Court of Claims, that the complete failure to have qualified personnel undertake a reasonable inspection of an unusually steep and potentially hazardous escarpment constituted negligence, was irresistible. Judgments affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.