■ JEFFREY SCHWARTZ, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 62817.) — Appeal from an interlocutory judgment of the Court of Claims (Quigley, J.), entered June 29, 1982, which found defendant 60% responsible and the claimant 40% responsible for a one-vehicle accident on the New York State Thruway. Claimant was injured on March 28, 1977 as the result of a one-car accident on the New York State Thruway at milepost 115.9, going north. He alleged that a passing car veered into his path causing him to turn to the right, onto the road's shoulder, where he proceeded for some 150 feet before driving off a cliff into a ravine. The court found that once claimant turned off the road, he never attempted to turn his vehicle back and failed to apply his brakes. The vehicle truck marks indicated that they proceeded in a straight line, the brakes were not locked to effect a stop and there were no skid marks to indicate any attempt to stop. The court held that defendant was 60% negligent for claimant's injuries in that the protective

guide rails should not only have been constructed at the point of the precipice but needed to be extended an additional 11 feet south thereof, so as to coincide with rock outcroppings at the side of the road. Claimant's expert opined that the guide rails did not comport with State and national design standards as contained in the American Association of State Highway Official Manual. Claimant's expert did concede, however, that the design standard he based his opinion on made no reference to where guide rails should begin and end. Two experts for the State contradicted claimant's expert's opinion and stated that the guide rails not only conformed but exceeded existing design standards in effect when the guide rails were installed in 1952. There must be a reversal. All parties agreed that the relevant design standard was generally to install guide rails on the outside of curves with fills[*] of 10 feet or more and on the inside of curves with fills of 15 feet or more. The design standard makes no reference to where guide rails were to begin or end. We are dealing here with government planning for public safety. The decision made by the Thruway's functionaries as to the placement of the guide rails was a quasi-judicial or discretionary one and its judgment must prevail unless there is some indication that due care was not exercised in the preparation of the design and placement of the guide rails or that no reasonable official could have adopted it (*Weiss v Fote*, 7 NY2d 579, 586; *Waddingham v State of New York*, 90 AD2d 855). The guide rails here comported with 1952 standards. The varying opinions of the experts support the reasonableness of defendant's actions in installing the guide rails. We are, also, unpersuaded that the failure of defendant to have a guide rail at the very place where claimant left the road was a proximate cause of his injuries. The injuries resulted rather from claimant's own negligence in failing to bring his vehicle to a halt by applying his brakes or by changing the direction of his vehicle after he had entered onto the shoulder of the road. Judgment reversed, on the law and the facts, without costs, and claim dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

[*] A fill is an area which is lower than the original highway ground line.