■ CAROLYN M. CHIONCHIO, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent, et al., Defendant. (Claim No. 65652.)—Mikoll, J. Appeal from a judgment of the Court of Claims (Amann, Jr., J.), entered January 17, 1984, which dismissed the claim against the New York State Thruway Authority.

At approximately 2:30 A.M. on November 2, 1980, claimant was a passenger in the front seat of a vehicle operated by her boyfriend, Louis Pasquarelli, and proceeding in a northerly direction on the New York State Thruway near the Town of Saugerties in Ulster County. The vehicle was traveling at about 55 miles per hour in the right lane when it was allegedly cut off by a tractor trailer, causing Pasquarelli to apply his brakes and to go off the road to the right. The vehicle struck a guide rail in a rest area designated as MP 99 NB, resulting in injuries to claimant. Apparently, Pasquarelli's vehicle was out of control and he was not attempting to negotiate the entrance ramp to the rest area at the time of the accident. Thereafter, claimant filed a claim against the State of New York and the New York State Thruway Authority (Authority).

At trial, at the close of claimant's case, the Court of Claims dismissed that portion of the claim alleging negligence against the State of New York but denied dismissal of the claim against the Authority. At the close of all the evidence, the Court of Claims held that the Authority was not negligent in the placement, construction and maintenance of the guide rail and dismissed the claim against it. This appeal by claimant followed.

Claimant asserts four specific errors as the basis for reversal: (1) that the Authority violated its own standards by installing a corrugated steel guide rail with an upraised butt end within 30 feet of the edge of the shoulder of the Thruway pavement; (2) that the Court of Claims misapprehended the significance of "gore areas"* as applied to highway design and maintenance; (3) that the testimony of the Authority's expert witness, Paul J. Poirier, was insufficient to preclude liability; and (4) that the Court of Claims erred by failing to permit claimant to present testimony pertaining to guide rails at rest areas other than MP 99 NB on the Thruway. The Authority contends that the guide rail's purpose was to delineate the westerly edge of the parking area and prevent cars from

---

* A "gore area" is the triangular-shaped area between the highway rest area and the converging entrance ramp.

parking on the grass area adjacent to the Thruway. Specifically, it argues that this was a valid State purpose which cannot be challenged in a negligence action since it resulted from a determination of a governmental planning body. The Authority's argument is persuasive. The judgment of the Court of Claims should be affirmed.

Any decision regarding placement of guide rails is quasi-judicial in nature and the Authority's judgment must prevail unless there is some evidence to establish that due care was absent in the preparation concerning the rail's design and placement or that no reasonable official could adopt the plan as implemented (*see, Schwartz v New York State Thruway Auth.*, 95 AD2d 928, 929, *affd* 61 NY2d 955; *see also, Weiss v Fote*, 7 NY2d 579, 586).

After reviewing the evidence, the Court of Claims found that a parking area guide rail serves a function different from that of a main line guide rail and acts as a guide to prevent those entering the parking area from straying off the paved portion of the roadway. The court further concluded that this purpose, together with the fact that people enter the rest area at a reduced speed (30 miles per hour), meant that "the need [for] protecting motorists against impalements is not as great as on the mainline of the Thruway".

The Authority's expert, Poirier, who was Supervisor of Design in the Bureau of Construction and Design of the Authority, testified that the guide rail in question was initially constructed in 1956 as a wooden rail connected to wooden posts and that, in September 1964, the posts were moved further apart and the wooden rail was replaced by a corrugated steel rail with a buffer panel at its end. He explained that the purpose of this guide rail in the rest area was to delineate the westerly edge of the parking area and keep cars from parking on the grass which was adjacent to the Thruway.

Poirier also testified that the Authority initiated a program in 1965 to turn down the lead-in end of all guide rail systems along the Thruway's main line to prevent impalements. However, he stated that the guide rail involved in claimant's accident was within the parking area and not within the defined terminology of a ramp. Poirier was of the opinion that the subject guide rail was not required to be buried because it did not serve the same purpose as regular or main line Thruway guide rails. He opined that this guide rail was not covered by the Authority's Design Criteria Manual published in 1970, which applied only to new construction and, there-

fore, did not control the parking area guide rail installed and reinstated before that date. The guide rail was located approximately 41 feet from the edge of the northbound lanes of the Thruway pavement and 30 feet from the edge of the shoulder.

Edmund J. Cantilli, a licensed professional engineer called by claimant, testified that on a straightaway, at a speed of 50 miles per hour or greater, a recovery or clear area of 30 feet from the road is required by the State Department of Transportation manual and that he measured the distance from the driving lane to the subject guide rail in the rest stop area to be 40 feet. Cantilli conceded that the guide rail was not an appurtenance for vehicles traveling in the right-hand lane of the main line of the Thruway. Additionally, he opined that the parking area itself was not a hazard. The Court of Claims reached a result favorable to the Authority.

The scope of review in a case tried before a court without a jury, as here, is not limited to whether the verdict is against the weight of the evidence. The appellate court "may weigh the relative probative force of conflicting inferences that may be drawn from the testimony * * * and grant the judgment which upon the evidence should have been granted by the trial court" (*Arnold v State of New York* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723). Due regard, however, "must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of witnesses" (*supra,* p 1023). Applying this standard, we conclude that the judgment of the Court of Claims should not be disturbed.

Claimant's contention of error concerning the significance of the "gore area" is rejected. There is nothing in the record that establishes that the placement of the steel guide rail in 1964 did not conform to applicable definitions and standards with respect to "gore areas" existing at that time (*cf. Schwartz v New York State Thruway Auth., supra,* p 929). We have examined claimant's other assignments of error and find them to be without merit.

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.