■ ANTHONY J. DI LORENZO, Also Known as A. J. DI LOR-

ENZO, Respondent, v NICHOLAS T. SBARRA, Appellant.—Levine, J.

Plaintiff was a licensed real estate salesman in the office of defendant realtor from about 1965 to 1981. They entered into a formal broker-salesman contract under which plaintiff was to receive 50% of any commission defendant received if plaintiff procured the sale of a listed property and 15% of such commission if plaintiff had only procured the listing for the sold property. In 1980, plaintiff obtained a listing of commercial property from the owner, one Anthony Mosco (the seller), providing for a 10% commission upon sale. Subsequently, through defendant's efforts, the seller entered into an agreement providing for a sale under an installment land contract for a total of $120,000, with a closing scheduled for November 10, 1980. The buyer agreed to pay a deposit of $1,000 upon the signing of the sales contract and an additional $24,000 in cash at the closing. The buyer, however, experienced difficulty in raising the necessary cash payment and the closing had to be postponed. Ultimately, the problem was alleviated when defendant agreed to loan the buyer the sum of $11,000 out of the $12,000 commission that was due, with the buyer's initial deposit and his own funds to make up the balance. This was accomplished at the closing by the buyer's issuance of two checks payable to the seller in the sums of $14,000 and $11,000. The seller in turn indorsed the $11,000 check to defendant in full satisfaction of his commission obligation, and defendant refrained from negotiating that check, pending the buyer's future repayment of the loan.

According to plaintiff's testimony, several days after the closing, he inquired of defendant concerning the payment of his full share of the commission, and for the first time learned of defendant's loan thereof to the buyer as part of the down payment on the purchase price used at the closing. Subsequently, the parties' business relationship broke up and, after an additional time lapse, plaintiff brought this action to recover the unpaid balance due him on the transaction in the amount of $960, plus counsel fees. Defendant answered by alleging that plaintiff had consented to the loan arrangement, thereby waiving his contractual right to receive his share of the commission until repayment of the loan was made by the buyer.

Following trial without a jury, Trial Term held in favor of

plaintiff, awarded the full amount of plaintiff's claim less the sum of $321, which represented the price of new tires which plaintiff had received from defendant subsequent to the transaction in partial payment of the debt. The court also ruled that plaintiff was entitled to an award of counsel fees under Labor Law § 198 (1-a) on the basis of a finding that plaintiff was an employee of defendant from whom wages were withheld.

We find no valid ground for reversal of Trial Term's determination that plaintiff was entitled to the unpaid balance of his share of the commission. The loan arrangement, in effect, substituted the buyer's debt for the obligation of defendant under the parties' broker-salesman agreement. This could not have been effected without plaintiff's consent (22 NY Jur 2d, Contracts, § 403, at 319). Plaintiff unequivocally denied having expressly consented before or during the consummation of the sale of the property when the commission became due. Thus, the issue of express consent presented a question of credibility which the trial court was in the best position to resolve. Hence, we are unwilling to disturb Trial Term's determination of that issue in favor of plaintiff (see, Matter of Liccione v John H., 65 NY2d 826, 827; Chionchio v New York State Thruway Auth., 112 AD2d 610, 612).

Defendant alternatively relies upon a theory of implied consent, arising out of plaintiff's failure to object to the implementation of the loan arrangement at the closing and an alleged course of dealing in similar loan transactions in which plaintiff participated in the past. Implied consent from plaintiff's silence at the closing, however, could only be inferred if it were established that plaintiff was contemporaneously aware that a loan was taking place and that it was necessary for the sale to be consummated. Here again, a sharp issue of credibility was presented, plaintiff having testified that he arrived at the closing, in response to a last-minute summons by telephone from defendant, after the transaction was completed. Certainly the documents at the closing, such as the check representing the balance of the commission and the receipted commission statement given the seller, contain no information which would have alerted plaintiff that a loan had taken place. Likewise, no consent can be inferred from the parties' prior conduct, where defendant could only cite three occasions, over the 15 years of their business association, when plaintiff had participated in a commission loan, as to each of which defendant had expressly sought and received plaintiff's permission. Nor did defendant establish plaintiff's

subsequent ratification of the loan arrangement merely from acceptance of partial payment and forbearance for bringing prompt suit.

We reach a different conclusion with respect to Trial Term's determination regarding counsel fees. Authority to make such an award under Labor Law § 198 (1-a) only existed if plaintiff was defendant's employee. The record is devoid of any evidence of defendant's control over plaintiff's activities which would negate plaintiff's status as an independent contractor as designated in their broker-salesman agreement, under which plaintiff was to pay all of his own expenses, furnish all of his own equipment and was not required to accept listings or attend sales meetings. Consequently, Trial Term's finding of an employment relationship was contrary to the prevailing weight of the credible evidence and this court may make a contrary finding *(Shipman v Words of Power Missionary Enters.,* 54 AD2d 1052, 1053).

Order and judgment modified, on the law and the facts, without costs, by reversing so much thereof as directed that plaintiff recover counsel fees, and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.