■ DEBORAH D. KIRCHER et al., Respondents, v CITY OF JAMESTOWN, Appellant. DEBORAH D. KIRCHER et al., Respondents, v BRUCE CARLSON, Appellant. (Appeal No. 1.)—Order unanimously reversed on the law without costs, and defendants' motion for summary judgment granted. Memorandum: Plaintiff Deborah Kircher was forced into her own car, driven to a remote area and brutally beaten and raped. Two persons observed the abduction, attempted unsuccessfully to intervene, and gave chase in their own vehicle. When the witnesses lost sight of the other car, they stopped and reported the incident to a City of Jamestown police officer. The officer said he would report the matter, but apparently did not. Plaintiff seeks to hold the officer and the city liable for their failure to respond to the witnesses' report.

Absent a special relationship or the assumption of a special duty toward the plaintiff, a municipality is not liable for the failure to provide police protection *(Cuffy v City of New York,* 69 NY2d 255; *De Long v County of Erie,* 60 NY2d 296). Plaintiff's status as a possible victim of crime did not give rise to a special relationship *(see, Riss v City of New York,* 22 NY2d 579; *Zibbon v Town of Cheektowaga,* 51 AD2d 448, *appeal dismissed* 39 NY2d 1056), and there was no direct contact between defendants and the plaintiff upon which a

special duty could be based *(see, Cuffy v City of New York, supra).* Moreover, plaintiff does not claim that she relied upon an assurance of protection to her detriment *(Cuffy v City of New York, supra; Yearwood v Town of Brighton,* 101 AD2d 498, *affd* 64 NY2d 667) or that defendants engaged in any affirmative acts giving rise to a duty to her *(see, De Long v County of Erie, supra; Zibbon v Town of Cheektowaga, supra).* Plaintiff failed to demonstrate any factual basis for the existence of a special duty, and defendants' motion for summary judgment should have been granted.

Plaintiff's claim that the officer's conduct was outside the scope of governmental immunity lacks merit. The failure to respond to the report of possible criminal activity or to offer assistance in a situation arguably requiring police intervention amounts to a failure to provide police protection to the general public and is within the scope of governmental immunity *(see, Helman v County of Warren,* 67 NY2d 799, *affg* 111 AD2d 560; *Evers v Westerberg,* 32 NY2d 684, *affg* 38 AD2d 751; *Zibbon v Town of Cheektowaga,* 51 AD2d 448, *supra).* (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.