(May 30, 1989)

■ JOSE SERRANO, as Administrator of the Estate of PETER SERRANO, Deceased, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 14, 1988, which denied the motion of defendant-appellant for summary judgment, is unanimously modified, on the law and on the facts, to the extent of granting defendant-appellant the New York City Transit Authority partial summary judgment on the issue of the liability, insofar as to find, based upon the record before this court, that

the New York City Transit Authority police did not have a duty to prevent plaintiff's decedent from boarding a subway train operated by defendant-appellant, and, except as thus modified, otherwise affirmed, without costs.

Early in the morning of September 17, 1983, Mr. Peter Serrano (decedent), who was 16 years old, died in New York County as a result of injuries suffered when he fell from a moving subway train to the tracks, and the last three cars of that train passed over his body.

Thereafter, Mr. Jose Serrano (plaintiff), who was decedent's father, as administrator of the goods, chattels and credits of the estate of decedent, in 1984 commenced a wrongful death action against the City of New York (City) and the New York City Transit Authority (TA) to recover damages. Subsequently, in 1985, the defendant City's motion for summary judgment was granted, and the action was dismissed against it.

After the service of defendant TA's answer, the completion of discovery, and the filing of plaintiff's note of issue and certificate of readiness, in 1988, the defendant TA moved for summary judgment, based upon its investigation which indicated the decedent had caused his own death when he allegedly jumped from between two cars of a moving subway train.

Plaintiff opposed that motion by submitting the affidavit of Mr. Richard Dale (Mr. Dale), who claimed to be a friend of decedent and to have been with him at that time of the incident.

Mr Dale, in his affidavit, which is dated July 7, 1988, almost five years after the incident, alleges, in substance, as follows: on the evening of September 16, 1983, the decedent, Mr. Dale, and a third person, who was a friend of theirs, boarded a subway train at the South Ferry station; they exited that train at the Chambers Street stop, and waited on the northbound platform for another train to Times Square; while waiting there, they all shouted, ran around, and played tag; at that time, decedent was obviously intoxicated and/or under the influence of drugs; after about five minutes, a white New York Transit police officer appeared, and requested them to open their jackets, questioned them as to where they were going, asked them to turn around, so that he could look them over, and finally, that officer told them to be quiet; subsequently, they boarded a train bound for Times Square; and while a passenger on that train, the decedent arose from his seat, which was located next to an open door between the cars, to say something to Mr. Dale, when a sudden lurch of

the fast-moving train caused decedent to stumble backwards, and fall through the open door.

In response to Mr. Dale's affidavit, defendant TA's counsel, while conceding that it raised a triable issue of fact as to whether negligent operation of the train caused decedent to fall from it, contended that defendant TA was entitled to partial summary judgment on the issue of liability concerning the TA police officer's alleged contact with the decedent, since, based upon the governmental immunity of the TA, that officer had no legal duty to prevent decedent from boarding that train.

Thereafter, the IAS court denied the defendant TA's motion for summary judgment in its entirety.

Before us, the defendant TA, by its brief, limits its request for relief to partial summary judgment on the issue of liability, based on the TA police officer's alleged contact with decedent.

We have held in *Sumitomo Shoji N. Y. v Isbrandtsen Co.* (23 AD2d 752 [1st Dept 1965]) that, pursuant to CPLR 3212 (e), this court can grant partial summary judgment to a party who moved for complete summary judgment in the trial court.

A unanimous Court of Appeals held in *Weiner v Metropolitan Transp. Auth.* (55 NY2d 175 [1982]) that, absent a special relationship, TA police officers, like the police forces of other governmental bodies, owe no duty to protect a person on TA premises from injury. In *Weiner v Metropolitan Transp. Auth.* (supra, at 178-179, 181), the Court of Appeals stated, in pertinent part:

"That a nongovernmental common carrier would be liable under the same factual circumstances is not determinative of the authority's liability. Its immunity from such liability rests upon the same considerations as does the immunity of a municipality or other governmental body from liability for failure to provide adequate police protection, for the duty if one were recognized would necessarily implicate the Transit Authority police.* * *

"The Legislature has declared in subdivision 2 of section 1202 of the Public Authorities Law that the authority 'shall be regarded as performing a governmental function in carrying out its corporate purpose and in exercising the powers granted by this title' and has authorized the authority to maintain a transit police force (Public Authorities Law, § 1204, subd 16) whose members are designated 'police officers' for purposes of the Criminal Procedure Law (§ 1.20, subd 34,

par [e]) and whose powers and duties as defined in section 1204, though geographically limited, are otherwise quite as broad as those of a municipal police officer".

The plaintiff contends that a special relationship was created between the TA police officer and the decedent as a result of their alleged encounter at the Chambers Street station. After examining the record, we reject that contention, since we find that the plaintiff has "failed to demonstrate any factual basis for the existence of a special duty" *(Kircher v City of Jamestown,* 142 AD2d 979, 980 [1988]). In order to defeat summary judgment, "[t]he party opposing the motion * * * must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests" *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967 [1988]). We will not refrain from awarding summary judgment, when the party opposing summary judgment, like plaintiff, only offers "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" *(Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In summary, when we apply *Weiner v Metropolitan Transp. Auth. (supra)* to the facts of the instant case, we find that the TA police officer did not have a duty to prevent plaintiff's decedent from boarding a subway train.

Accordingly, we modify the IAS order, and grant defendant TA partial summary judgment on that issue. Concur—Murphy, P. J., Kupferman, Ross, Rosenberger and Rubin, JJ.