■ In the Matter of the Claim of PAUL F. O'FLAHERTY, Respondent. FIRST AMERICAN BANK OF NEW YORK, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 12, 1989, which, *inter alia,*

ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed for approximately two years as an industrial engineer in charge of Glie Farms' computer operations and concentrated on the farm's accounts receivable. His employment ended on March 9, 1988 due to the bankruptcy of the farm. First American Bank of New York (hereinafter the Bank) was a secured creditor of the farm due to an outstanding loan of about $400,000. Beginning on March 11, 1988, the Bank, with the consent of the Bankruptcy Trustee, engaged the services of claimant and other co-workers to continue the same computer work at the farm in an effort to collect accounts receivable. The Bank informed claimant that he would not be an employee of the Bank, that he would be paid at the rate of $135 per day upon his submission of a voucher in his name, and that the voucher could be submitted at any time. No taxes or Social Security contributions were withheld and claimant obtained no direction, training or supervision as to his work from the Bank. When problems arose claimant spoke to employees of Glie Farms. Claimant's earnings were reported on Form 1099 and such payments were subject only to the approval of the Bank's general counsel. Claimant was free to seek other employment. Claimant had no set hours or days to work, and he could come and go as he pleased. He worked on a day-to-day basis only and did not know how long the position would last. Claimant was not required to submit reports to the Bank. Claimant charged only for the work he actually performed. Claimant's relationship with the Bank was terminated on June 3, 1988 when the Bank switched the operation from the farm's premises to its own. Significantly, claimant then sought employment at the Bank, but his request was refused. The Unemployment Insurance Appeal Board determined that claimant was an employee of the Bank and, therefore, entitled to unemployment insurance benefits.

The Board's decision should be reversed. These circumstances do not supply substantial evidence of sufficient supervision, direction or control by the Bank to make claimant a Bank employee (see, Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725). The Board's decision stressed the fact that claimant was performing the same services for the Bank that he had performed for Glie Farms, his former employer. We do not consider this fact decisive. The issue is claimant's relationship to the Bank, not the nature of the services being performed. That relationship is not affected by claimant's prior

relationship to the farm, which was admittedly that of employer-employee.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.