■ FRANCISCO MERINO et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered January 16, 1991, which set aside a jury verdict in favor of plaintiff and ordered a new trial with regard to issues of whether defendant New York City Transit Authority (NYCTA) was negligent in lighting the accident site, whether plaintiff was also negligent and the amount of damages, if any, to be awarded to plaintiff, unanimously affirmed, without costs.

This is an action in negligence. Plaintiff was struck by a subway train, resulting in the amputation of his left arm to the shoulder, a fractured skull and other injuries. The jury returned a verdict finding the defendant New York City Transit Authority "negligent in the manner in which it supplied the lighting at the station at 183rd Street" (Question 3) and "in the manner it acted, or failed to act, through its employees, with respect to Mr. Merino [plaintiff] when he was observed on the platform at 183rd Street in what appeared to be an intoxicated condition." (Question 5.) The jury further found that each of these acts of negligence proximately caused the accident. It also found both the plaintiff and the motorman not negligent.

The trial court properly set aside the jury's verdict and directed a new trial. Although on this appeal plaintiff con-

tends that he was not intoxicated and seeks to uphold the jury's finding that he was not negligent, both in a supplemental bill of particulars and vigorously at trial, plaintiff contended that he was intoxicated. In this connection, plaintiff asserted that the defendant NYCTA had failed to take timely and appropriate action when one of its employees saw him in the station apparently intoxicated and reported this fact to the central command office.

The defendant NYCTA owed no duty to plaintiff other than the duty of ordinary care under the circumstances *(Crosland v New York City Tr. Auth.,* 68 NY2d 165, 168 [1986]). The NYCTA owed no special duty to plaintiff absent a showing of a special relationship *(Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175 [1982]; *Crosland v New York City Tr. Auth., supra,* at 168-169; *Serrano v City of New York,* 150 AD2d 297 [1989]). No special relationship was shown here.

It was also error for the court to permit the plaintiff to introduce into evidence a portion of an internal rule, rule 89, which imposed upon the NYCTA a higher standard of care than required by law. The portion of rule 89 admitted into evidence reads as follows: "Passengers appearing unable to take care of themselves by reason of intoxication or other causes and who are liable to injury must be placed in charge of a Transit Patrolman, other employee or of a City Patrolman."

Because rule 89 mandated certain action by NYCTA employees, it imposed a standard higher than required and should not have been admitted into evidence *(Crosland v New York City Tr. Auth., supra,* at 168-169; *Lesser v Manhattan & Bronx Surface Tr. Operating Auth.,* 157 AD2d 352, 356-357 [1990]). Its admission may also have improperly affected the jury's consideration of the comparative negligence issue. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Smith, JJ.