OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 
 *825
 
 On April 9, 1989, after leaving work at 3:00 a.m. and consuming several beers, plaintiff went to the 183rd Street subway-station in the Bronx. Dizzy and affected by the alcohol, plaintiff, who had been standing at the edge of the platform, found himself on the tracks as a train approached. He was struck by the train and suffered various injuries including the loss of his left arm.
 

 In his suit against the New York City Transit Authority plaintiff alleged several theories of negligence. After trial the court set aside a verdict in plaintiffs favor and ordered a new trial, and the Appellate Division affirmed (183 AD2d 458). After a second plaintiffs verdict, a divided Appellate Division reversed and dismissed the complaint (218 AD2d 451). The court concluded, in essence, that plaintiff had failed to establish the Transit Authority’s negligence in lighting the accident site and causation.
 

 As the Appellate Division correctly determined, plaintiff failed to show that defendant breached any duty owed to him. Plaintiff, moreover, failed to establish that an internal Transit Authority station planning guide, on which his expert relied to claim the station had inadequate lighting, constituted a standard of reasonable care applicable to this station
 
 (see, Schwartz v New York State Thruway Auth.,
 
 95 AD2d 928,
 
 affd
 
 61 NY2d 955). Even if plaintiff had proven breach of a duty, he failed to show that the defendant’s alleged negligence was a substantial factor in causing his injury
 
 (Derdiarian v Felix Contr. Co.,
 
 51 NY2d 308, 315).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur; Judge Smith taking no part.
 

 Order affirmed, with costs, in a memorandum.