OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and matter remanded to the court below for a new trial.
*827 On March 28, 1990, as plaintiff fell on the lower level steps of the DeKalb Avenue subway station, she reached for the rectangular steel handrail in the middle of the stairway but was unable to grasp it. The plaintiffs claim was that the handrail should have had grooves in it to make it easier to grasp. The defendant argued that there is a qualified immunity from liability in regard to subway planning decisions if at the time the handrail was rehabilitated it was in conformity with good and accepted engineering practices.
The qualified immunity from liability for planning decisions first espoused in highway planning cases (Weiss v Fote, 7 NY2d 579; Schwartz v New York State Thruway Auth., 95 AD2d 928, affd 61 NY2d 955) applies to the New York City Transit Authority as well (Merino v New York City Tr. Auth., 218 AD2d 451, affd 89 NY2d 824).
In the case at bar, the site of the accident was the steps of a subway entrance. The station had been rehabilitated in 1982. The plaintiff failed to establish that the Transit Authority’s decision to construct the handrail in the center of the steps without grooves was not reasonable or that no reasonable official could have adopted it. There is no duty to upgrade by reason of subsequent changes in specifications. Consequently, the rule in Weiss and Schwartz (supra) is applicable to the subway system and the complaint would ordinarily be dismissed as a matter of law for failure to prove a prima facie case. However, the defendant never moved for a directed verdict on the issue of whether it was immune from liability for reasonable decisions made as to the design of the stairway handrails. Consequently, defendant conceded the question to be one for the jury and the complaint may not be dismissed (Miller v Miller, 68 NY2d 871). However, we are of the opinion that the verdict was against the weight of the credible evidence and the matter must be remanded to the court below for a new trial.
Kasoff, P. J., Scholnick and Patterson, JJ., concur.