■ Joseph F. Gagen, Respondent, v Kipany Productions, Ltd., Appellant. [735 NYS2d 225] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 13, 2000 in Albany County, which denied defendant's motion to vacate a default judgment entered against it.

From March 1995 to October 1997, plaintiff worked for defendant as a senior producer in video productions. After plaintiff's relationship with defendant ended, he sought to be paid $11,962 for 160 overtime hours. Defendant refused to make payment and, in January 1998, plaintiff commenced this action for the $11,962, plus 25% of that amount pursuant to Labor Law § 198 (1-a), together with counsel fees. Defendant's answer incorporated a "motion to dismiss for lack of venue," a "motion to dismiss for failure to state a claim" and a counterclaim for legal fees[1] (one paper), but no request for judicial intervention seeking resolution of the motions was filed.

Plaintiff filed a note of issue,[2] the case was scheduled for trial and defendant's counsel failed to appear for pretrial conferences on February 19 and 26, 1999, prompting plaintiff's oral application for a default judgment (*see,* CPLR 3215 [a]; 22 NYCRR 202.27 [a]). In June 1999, upon submission of affidavits from plaintiff and plaintiff's counsel, Supreme Court granted

---

1. There were no affidavits in support of either motion nor was the answer verified.

2. There was nothing in the record indicating any discovery was conducted.

plaintiff a default judgment for the full amount demanded in the complaint. In April 2000, defendant moved unsuccessfully to vacate the default judgment[3] and now appeals from the denial of its motion.

Preliminarily, we agree with plaintiff's observation that defendant's brief contains many factual statements and arguments based on documents outside the record. Consequently, because "[w]e cannot consider factual allegations in [defendant's] brief that are not included in the record on appeal" (*Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation*, 201 AD2d 168, 173), our review will be limited to facts contained in the record and any arguments based thereon (*see, Ughetta v Barile*, 210 AD2d 562, 564, *lv denied* 85 NY2d 805).

Turning to the merits, it is well settled that "[a] party seeking to vacate a default judgment on the ground of excusable default pursuant to CPLR 5015 (a) (1) must establish a reasonable excuse for the default, a meritorious defense to the underlying action and the absence of willfulness" (*Colonie Constr. Prods. v Titan Indem. Co.*, 265 AD2d 716, 718; *see, Wilcox v U-Haul Co.*, 256 AD2d 973, 973-974). Our review of the record reveals no reasonable excuse was proffered for defendant's default in appearing at the two pretrial conferences, and we find Supreme Court did not abuse its discretion in denying defendant's motion to vacate the default judgment (*see, Shouse v Lyons*, 265 AD2d 901; *Colonie Constr. Prods. v Titan Indem. Co., supra; Wynne v Wagner*, 262 AD2d 556, *lv dismissed* 94 NY2d 796). However, in the exercise of our inherent power to grant appropriate affirmative relief to an appealing party in the interest of justice (*see, NY Const, art VI, § 5; CPLR 5522; Hecht v City of New York*, 60 NY2d 57, 63), we find the record does reveal that plaintiff failed to demonstrate to Supreme Court that he had a prima facie cause of action (*see, Green v Dolphy Constr. Co.*, 187 AD2d 635, 636), and the default judgment was improvidently granted in the first instance.

While a default judgment constitutes an admission of the factual allegations of the complaint and the reasonable inferences which may be made therefrom (*see, Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730), plaintiff must present some proof of liability so that the reviewing court can determine that the "prima facie validity" of the uncontested cause of action has been established (*see, Joosten v Gale*, 129 AD2d 531, 534),

---

3. That motion also sought the return of moneys paid to plaintiff pursuant to the judgment, and for summary judgment dismissing plaintiff's complaint, issues rendered academic by the denial of the vacatur motion.

because the granting of a default judgment does not become a "mandatory ministerial duty" upon a defendant's default (*see, Matter of Dyno v Rose*, 260 AD2d 694, 698, *appeal dismissed* 93 NY2d 998, *lv denied* 94 NY2d 753). Plaintiff's complaint,[4] his affidavit and his counsel's affidavit submitted in support of his application for a default judgment (*see*, CPLR 3215 [f]) fail to establish a prima facie case for his claim for overtime compensation and leave many unresolved issues, including whether an employer-employee relationship existed between the parties[5] and the actual terms of the agreement, if any, by which plaintiff was "retained" by defendant.[6]

We note that the only written document in the record which addresses a working relationship between the parties is plaintiff's March 25, 1995 letter which suggests "an alternative" to an undisclosed offer from defendant and proposes a "contractual retainer agreement" with a "set monthly fee for all [plaintiff's] services." The record reflects no agreement that plaintiff was to be paid an hourly wage nor does it explain when "overtime" compensation would be paid or how it would be computed. Moreover, the annual compensation paid plaintiff by defendant for the years 1994 through 1997 were reported to the IRS on Form 1099, one indication that an independent contractor relationship existed between the parties (*see, e.g., Matter of O'Flaherty [Hartnett]*, 173 AD2d 901; *see also, Felter v Mercy Community Hosp.*, 244 AD2d 385). Plaintiff's conclusory allegation that he and defendant entered into an oral contract that provided for overtime compensation fails to satisfy his minimal burden on his default application. Consequently, on this record, we find that plaintiff should not have been granted a default judgment.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and default judgment vacated without prejudice to plaintiff renewing his application for a default judgment upon proper papers.

---

4. At oral argument plaintiff's counsel referred to the complaint as verified. The complaint in the record has no verification page and is not so entitled.

5. Nonemployees are not entitled to the liquidated damages provided for in Labor Law § 198 (1-a) (*see, Di Lorenzo v Sbarra*, 124 AD2d 446, 449).

6. In the affidavit of plaintiff's counsel opposing defendant's motion to vacate the default judgment, he averred that plaintiff entered into a contract with defendant "although not in writing."