EARLINE W. JONES, as Administratrix of the Estate of HOZAH TOLEDO, Deceased, Appellant, v COUNTY OF NIAGARA et al., Respondents, et al., Defendant. [789 NYS2d 557]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered September 3, 2003. The order granted the motions of defendants County of Niagara and City of Lockport for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff's decedent was killed when the vehicle he was driving struck the end post of a guide rail on a road that was reconstructed in 1971. According to plaintiff, the end

post of the guide rail was known to be dangerous at the time that it was installed in the reconstruction project. Defendant City of Lockport (City) moved and defendant County of Niagara (County) cross-moved for summary judgment dismissing the complaint against them, contending, inter alia, that they had qualified governmental immunity for the design and placement of the guide rail. Plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court properly granted the City's motion and the County's cross motion and denied plaintiff's cross motion.

It is well settled that municipalities are required to maintain their roads in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]), and that duty extends to the safety of guide rails (*see Lattanzi v State of New York*, 74 AD2d 378, 379-380 [1980], *affd for reasons stated* 53 NY2d 1045 [1981]). However, "[t]he decision made by the [municipality's] functionaries as to the placement of the guide rails was a quasi-judicial or discretionary one and its judgment must prevail unless there is some indication that due care was not exercised in the preparation of the design and placement of the guide rails or that no reasonable official could have adopted it" (*Schwartz v New York State Thruway Auth.*, 95 AD2d 928, 929 [1983], *affd* 61 NY2d 955 [1984]; *see Chionchio v New York State Thruway Auth.*, 112 AD2d 610, 611 [1985]).

Here, in support of their respective motion and cross motion, the City and the County submitted evidence establishing that the guide rail comported with the 1962 standards of the New York State Department of Public Works for road construction, which were the highway standards most recently promulgated prior to the reconstruction project at issue (*see Schwartz*, 95 AD2d at 929). The City and the County thereby met their initial burden of establishing that the placement and design of the end post of the guide rail at issue comported with the standards in existence at the time that the road was reconstructed (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiff failed to submit evidence establishing that any new standards had been promulgated in the interim between the issuance of those standards and this reconstruction project and thus failed to raise an issue of fact in opposition to the respective motion and cross motion of the City and the County, or to establish her own entitlement to partial summary judgment on liability, as sought in her cross motion (*see generally id.*). The affidavit of plaintiff's expert was insufficient to raise an issue of fact or to establish plaintiff's entitlement to partial summary judgment because his opinion regarding the safety of the guide

rail was based either upon documents that were not established as authoritative with respect to the standard of care for construction in New York State (*see generally Merino v New York City Tr. Auth.*, 89 NY2d 824 [1996]) or upon documents not in existence at the time of the reconstruction project at issue herein.

We have considered plaintiff's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.