In the Matter of the ESTATE OF SIAMAK HAMZAVI, Deceased, by TIMOTHY P. FARRELL, as Administrator, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 106918.) [843 NYS2d 896]—

Appeal from an order of the Court of Claims (Diane L. Fitzpatrick, J.), entered February 17, 2006 in a wrongful death action. The order, insofar as appealed from, denied in part defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Claimant's decedent was killed when the vehi-

cle he was driving left the highway, struck a guiderail, and collided with a concrete bridge pier on Interstate 81 near Syracuse. In this wrongful death action, the Court of Claims granted that part of defendant's motion for summary judgment dismissing the claim (denominated "notice of claim") insofar as it alleges that defendant failed to maintain the roadway and failed to warn of a dangerous condition. Defendant contends on appeal that the court should have granted its motion in its entirety, thereby also dismissing the claim insofar as it alleges defendant's negligent design and construction of the roadway. We affirm.

Although defendant met its initial burden by its experts' submissions establishing that the designs of the highway and guiderail were compliant with "the highway standards most recently promulgated prior to the [construction and] reconstruction project at issue" (*Jones v County of Niagara*, 15 AD3d 1002, 1003 [2005]), we conclude that claimant raised issues of fact sufficient to defeat that part of defendant's motion with respect to negligent design and construction of the roadway. Claimant submitted an expert's affidavit that contradicted defendant's submissions and raised triable issues of fact whether a normal longitudinal drainage ditch existed near the guiderail, what standards applied, and whether the design and construction of the guiderail, most particularly its length and end treatment, complied with the applicable standards. It is well established that, "as a general principle, 'conflicting expert opinions may not be resolved on a motion for summary judgment' " (*Jaromin v Northrup*, 39 AD3d 1264, 1265 [2007]).

We reject the contention of defendant that claimant's expert relied on speculation and conjecture to create issues of fact. Rather, the affidavit of claimant's expert establishes that he had a proper foundation for his opinion, which was based on facts in the record (*see Latour v Hayner Hoyt Corp.* [appeal No. 2], 13 AD3d 1147, 1148 [2004]; *Steuer v Town of Amherst*, 300 AD2d 1104, 1105-1106 [2002]).

Finally, we reject the further contention of defendant that its highway planning decisions are entitled to qualified immunity and thus that its motion should have been granted in its entirety. "[I]t is defendant who has the burden initially of demonstrating, prima facie, its right to judgment on the basis of qualified immunity; it must show that the decision [with respect to the design and construction of the guiderail] was the product of a deliberative decision-making process" (*Appelbaum v County of Sullivan*, 222 AD2d 987, 989 [1995]). Here, defendant failed to meet that initial burden. The testimony of defendant's retired

employee that employees in his design group would have reviewed the reconstruction design plans and that someone would have checked the design for guiderails is insufficient to establish the adequacy of the process. Rather, there is a triable issue of fact whether defendant's design and construction of the guiderail "was the product of adequate study and a reasonable planning decision on the part of defendant or was instead negligent" (*Drake v County of Herkimer*, 15 AD3d 834, 835 [2005]). Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.