■ In the Matter of ESTATE OF SIAMAK HAMZAVI, Deceased, by TIMOTHY P. FARRELL, Administrator, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 106918.) [914 NYS2d 544]—

Appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered August 26, 2009 in a personal injury action. The judgment dismissed the claim.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this wrongful death action as administrator of the estate of Siamak Hamzavi (decedent), seeking damages for the fatal injuries sustained by decedent when the vehicle he was driving left the highway, struck a guide rail and collided with a concrete bridge pier on Interstate 81 near Syracuse. On a prior appeal, we affirmed the order granting that part of defendant's motion for summary judgment dismissing the claim insofar as it alleges that defendant failed to maintain the roadway and failed to warn of a dangerous condition and denying that part of the motion with respect to the claim insofar as it alleges defendant's negligent design and construction of the roadway (*Matter of Estate of Hamzavi v State of New York*, 43 AD3d 1430 [2007]). Following a trial, the Court of Claims determined, inter alia, that a normal longitudinal drainage ditch did not exist near the guide rail at issue and thus that section 10.01.04 of the New York State Department of Transportation Highway Design Manual (Highway Design Manual) did not apply. The court further concluded that defendant did not breach its duty to decedent to adequately design and construct its roadways in a reasonably safe condition, and the court therefore dismissed the claim. We affirm.

Viewing the evidence in the light most favorable to the prevailing party, we conclude that the court's determination is supported by a fair interpretation of the evidence (*see Farace v State of New York*, 266 AD2d 870 [1999]; *see generally Matter of*

*City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170 [2005]). Section 10.01.04 of the Highway Design Manual provides, in relevant part, that, "[w]here [a] guide rail terminates near a normal longitudinal drainage ditch in cut," the guide rail should be "extend[ed] . . . into the cut slope." The parties presented expert testimony concerning whether the drainage area near the guide rail was a normal longitudinal drainage ditch and thus would be subject to the guide rail termination methodology embodied in section 10.01.04. Inasmuch as "resolution of the disputed factual issues here depended upon a thorough and thoughtful assessment of the competing testimony offered by the various experts, and given that the record as a whole supports the [court's] findings," we perceive no basis to disturb the judgment (*Krafchuk v State of New York*, 250 AD2d 962, 964 [1998]).

In view of our determination, we do not address claimant's remaining contentions. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.